UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO DEQUAN POSTELL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-687 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DOUGLAS VASBINDER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state court remedies.

**Discussion**

I.      Factual allegations

Petitioner is incarcerated in the G. Robert Cotton Correctional Facility.  He was convicted in the Calhoun County Circuit Court of two counts of armed robbery, three counts of possession of a firearm during the commission of a felony, first-degree home invasion and felon in possession of a firearm.  He was sentenced as a fourth habitual offender to prison terms of 40-to-70 years for the armed robbery convictions, five years for the felony-firearm convictions, 10-to-40 years for the first-degree home invasion conviction, and 5-to-10 years for the felon-in-possession conviction.

Petitioner appealed as of right to the Michigan Court of Appeals.  In addition to the claims raised by his court-appointed appellate counsel, Petitioner filed a *pro se* supplemental brief setting forth various claims of trial error.  The Michigan Court of Appeals issued an unpublished opinion on April 29, 2004, affirming Petitioner's conviction, but remanded for the correction of a technical error in the judgment of sentence.  The Michigan Supreme Court subsequently denied his application for leave to appeal on March 29, 2005.

Petitioner raises eight claims of constitutional error in his amended petition for habeas corpus relief (docket #6).

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner alleges that he exhausted all of his claims in the Michigan appellate courts.  However, according to the petition, Petitioner raised his claim of ineffective assistance of trial counsel for the first time in the Michigan Supreme Court.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997);

3

*Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and thus, his supplemental issues were not reviewed. Petitioner, therefore, failed to exhaust his claim of ineffective assistance of counsel.

The Court further notes that it is unclear whether all of Petitioner's remaining claims were properly "federalized" in the state courts. To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) (mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. A petitioner need not cite "chapter and verse" of constitutional law, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), but general allegations of the denial of the rights to a "fair trial" or "due process" are not sufficient to fairly present a claim that specific constitutional rights were violated. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000)).

Petitioner has at least one available procedure by which to exhaust the issues presented in his habeas petition in the state courts. *See* 28 U.S.C. § 2254(c) (an applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented). He may file a motion for relief from judgment under M.C.R.

4

6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995.  M.C.R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion; therefore, he may present his unexhausted claims in a motion for relief from judgment.

Because Petitioner appears to have some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations  period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Under § 2244(d)(1)(A), a one-year  limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on March 29, 2005. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under

5

§ 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period

expired on June 27, 2005. Accordingly, Petitioner has one year, until June 27, 2006, in which to file

his habeas petition.

The *Palmer* court indicated that thirty days was a reasonable amount of time for a

petitioner to file a motion for post-conviction relief in state court, and another thirty days was a

reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-

court remedies.[1]  *Palmer*, 276 F.3d at 781; *see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35

(2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted

claims not be plainly meritless and that petitioner had good cause for failure to exhaust). Petitioner

has more than six months remaining in the limitations period. Because Petitioner has well in excess

of sixty days remaining in the limitations period, he is not in danger of running afoul of the statute

of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these

proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the

expiration of the limitations period raising only his exhausted claims.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application

pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of

appealability should be granted. A certificate should issue if Petitioner has demonstrated a

---

[1] The running of the statute of limitations is tolled when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

6

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court finds dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

7

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   November 29, 2005               /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE

8